## Kuder, Appellant, *v.* Chadwick.

*Vendor and vendee—Forfeiture—Creditor—Fraud.*

Where a vendor of land forfeits the articles of agreement with the consent of the vendee, who receives back the money she had paid, and a deed is made and recorded to another person who pays the whole of the purchase money and enters into possession of the land, and there is no fraud in the transaction, a judgment creditor of the original vendee whose

judgment is not entered until two years after the recording of the deed has no standing to object to the forfeiture of the contract.

Argued Oct. 12, 1903. Appeal, No. 6, Oct. T., 1903, by plaintiff, from judgment of C. P. Westmoreland Co., Feb. T., 1898, No. 296, for defendant non obstante veredicto in case of Mary K. Kuder v. John Thomas Chadwick. Before MITCHELL, C. J., DEAN, FELL, BROWN, MESTREZAT and POTTER, JJ. Affirmed.

Ejectment for land in the borough of Arnold. Before DOTY, P. J.

At the trial the jury returned a verdict for plaintiff subject to the question of law reserved whether there be any evidence which entitles the plaintiff to recover. On a motion for a judgment non obstante veredicto, DOTY, P. J., filed the following opinion :

Prior to September 6, 1892, the title to the lot in question was in the Kensington Improvement Company, which, by articles of agreement, agreed to convey the same to Ellen Chadwick for the consideration of $732.98. Ellen Chadwick went into possession of the lot and paid on the article the sum of $65.00. Early in 1894, the improvement company, with consent of Ellen Chadwick, forfeited the agreement and substituted therein John Thomas Chadwick, the defendant. The latter paid his mother the $65.00, which she had paid on account of the purchase money, and paid the balance of the purchase money in full to the improvement company, in January, 1896. A deed to Thomas Chadwick was made bearing date July 11, 1894, and the same was duly recorded July 27, 1894. A judgment was recovered against Ellen Chadwick on June 3, 1896, and her interest in this lot was sold by the sheriff November 13, 1897, to Mary E. Kuder, the plaintiff, and this action was brought to recover possession.

At the trial, there was no material fact in dispute and therefore nothing to submit to the jury. On the authority of Casey v. Penna. Asphalt Paving Co., 198 Pa. 348, and with consent of counsel, the following question of law was reserved : Whether there be any evidence which entitles the plaintiff to recover? Such a reservation has a double advantage. It gives the court

a better chance to examine the questions of law than is afforded in the hurry of a trial, and it will operate to save retrials, if not to discourage appeals. In this form, it is often equivalent to a request for binding instruction, but has the advantage that even where error exists, a right judgment can be entered without a new trial.

The good faith of the transaction is not questioned. It was averred in plaintiff's abstract that " the said Ellen Chadwick and the defendant either fraudulently or by accident and mistake caused and procured the Kensington Improvement Company to convey said legal title to said defendant." At the trial, the averment of fraud was eliminated and there was no attempt to show fraud on part of Ellen Chadwick and the defendant. The equity of the case is with the defendant. He paid in good faith a full consideration for the lot and for the improvements. It also appeared that he paid off a mortgage, which had been mistakenly entered on another lot owned by Ellen Chadwick, and for which there was, perhaps, no legal liability on defendant's part to pay. The plaintiff, who was the purchaser at sheriff's sale, had record notice that the legal title was in Thomas Chadwick, as the deed to the latter had been recorded long before the sheriff's sale. Thomas Chadwick was also in possession of the property at that time.

Now, with notice to the purchaser, with a strong equity in defendant and with the bona fides of the transfer to Thomas Chadwick not disputed, upon what ground rests the plaintiff's right to recover? The position is taken that the Kensington Improvement Company had no right to declare a forfeiture of the contract, even with the consent of Ellen Chadwick, the vendee ; that her equitable estate still remained and was seized and sold by the sheriff. Many cases were cited on both sides on the subject of forfeiture. To attempt to review these would serve no good purpose. It is plain, however, from an examination of the cases that, as a general rule, courts both of law and equity lean against a forfeiture. Nor will a forfeiture be permitted where it works an injustice. But notwithstanding these general rules, there are many instances of forfeited contracts, where it appears that it was contemplated by the stipulation of the parties. The article of agreement contained a clause authorizing the improvement company to declare the

same forfeited in default of payments. The improvement company did undertake to forfeit. Notice was given to the vendee, who appeared and consented to a rescission of the contract. She received back the portion of the consideration money she had paid, and the purchaser of the legal title received a deed and paid the purchase money in full. Here was a forfeiture in fact by agreement of all the parties in interest. The old agreement was rescinded; the vendee under it received back the money she had paid and a new contract was entered into with Thomas Chadwick. Whether under the terms of the original contract, the courts would have decreed a forfeiture against the protest of Ellen Chadwick, it is not important to determine. It seems plain, under the authorities, that a creditor of Ellen Chadwick would not be in a position to interfere with the arrangement made, unless it could be shown that such arrangement was fraudulent and made for the purpose of defeating the creditor. The plaintiff became a judgment creditor of Ellen Chadwick June 3, 1896, but this was nearly two years after the deed to defendant had been recorded. As a purchaser at sheriff's sale, the plaintiff had record notice that the legal title was in the defendant and she was put on inquiry by the fact that the defendant was also in possession of the property. We think the parties to the original agreement had a right to terminate it. The purpose, as is conceded, was not fraudulent and no creditor therefore has a right to complain. The only standing the plaintiff can have is as a purchaser at the sheriff's sale. But defendant at that time was in possession of the property and his deed therefore was on record, and plaintiff therefore had notice of the actual condition of affairs. To permit plaintiff now to recover would work great injustice to defendant, who acted in good faith and who did all that the law required him to do. As we understand it, there is no rule of law which requires us to take such view, and for the foregoing reason judgment on the question reserved is entered in favor of defendant.

*V. E. Williams*, with him *A. M. Sloan* and *W. F. Wegley*, for appellant.—A purchaser of real estate at a sheriff's sale is protected against all unrecorded conveyances of the defendant in the execution of which he did not have notice: Heister v.

Fortner, 2 Binney, 40; Magaw v. Garrett, 25 Pa. 319; Speakman v. Forepaugh, 44 Pa. 363; Lefever v. Armstrong, 15 Pa. Superior Ct. 565; Tate v. Clement, 176 Pa. 550.

The acts show that there was no rescission intended: on the contrary, a sale of the equitable title to the defendant in this ejectment.

Ellen Chadwick, being seized of an estate in the land, by virtue of her contract, possession, part payment of the purchase money, and the improvements made by her, could not legally part with her title, except by writing signed by her and her husband, in the manner provided by law: Goucher v. Martin, 9 Watts, 106; Meason v. Kaine, 63 Pa. 335; Cravener v. Bowser, 4 Pa. 259; Bowser v. Cravener, 56 Pa. 132.

*J. M. Stoner*, with him *J. Charles Dicken*, for appellee.— It has been settled that an executory contract for land may be rescinded by parol: Lauer v. Lee, 42 Pa. 165; Raffensberger v. Cullison, 28 Pa. 426.

A forfeiture grounded on breach of covenants in an instrument will be enforced; and equity cannot relieve where the forfeiture really works equity by protecting one party against the consequences of laches on the part of the other: Munroe v. Armstrong, 96 Pa. 307; Evans v. Fries, 9 W. N. C. 462.

The appellant complains that she bought without notice of John Chadwick's title. But she certainly was not misled, because the articles of ageement between Ellen Chadwick and the improvement company were not recorded. And as the appellant's alleged rights did not accrue until two years or more after the release of Ellen Chadwick's equity, the same inquiry that would have brought to light the agreement would have disclosed the rescission of it. John Chadwick did all he could do, when he promptly put his deed from the improvement company on record.

PER CURIAM, November 9, 1903:

This judgment is affirmed on the opinion of the court below on the point reserved.